UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE LEE STEVENS,

       Petitioner,                                  Hon. Richard Alan Enslen

v.                                                  Case No. 4:04-CV-71

MICHIGAN DEPARTMENT
OF CORRECTIONS,

       Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Stevens' petition for writ of habeas corpus. In accordance with 28 U.S.C. § 636(b) authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, the undersigned recommends that Stevens' petition be **dismissed**.

## BACKGROUND

In 1980, Petitioner was convicted of Second Degree Murder. (Dkt. #4, Exhibit 1). On May 2, 1980, Petitioner was sentenced to serve 15 to 40 years in prison. Petitioner was awarded 246 days credit for time served to that point. Petitioner subsequently escaped from prison, a crime for which he received a sentence of 9 months to 5 years in prison. *Id.* Michigan law provides that this sentence must be served only after the completion of his sentence for Second Degree Murder. *See* Mich. Comp. Laws § 750.193.

Pursuant to Michigan law, Petitioner is eligible to receive good time credits as well as special good time credits. Mich. Comp. Laws ¶ 800.33. The parties do not dispute that if Petitioner had been awarded all the special good time credits which he was *eligible* to receive, he would have been discharged from custody on April 21, 1999. The parties likewise do not dispute that if Petitioner is awarded no special good time credits, his maximum release date is October 3, 2007.

On February 18, 1999, the warden of the facility at which Petitioner was then incarcerated recommended that Petitioner receive 3,088 days of special good time credits. (Dkt. #4, Exhibit 3). However, Dan Bolden, a Deputy Director of the Michigan Department of Corrections, rejected this recommendation and determined that Petitioner was to instead receive "0 days" of special good time credits. (Dkt. #4, Exhibits 3 and 8e).

At some point subsequent to April 21, 1999, Petitioner filed a petition for writ of habeas corpus in the Ionia County Circuit Court. In his petition, Stevens asserted that he was entitled to be released from prison because he had been improperly denied 3,088 days of special good time credits. The court denied Stevens' petition. *Stevens v. Price*, No. 01-M-21223-AH, Order (Ionia Cnty. Cir. Ct., May 11, 2001). Petitioner appealed the matter to the Michigan Court of Appeals which likewise denied his request for habeas relief. *Stevens v. Department of Corrections*, No. 234572, Order (Mich. Ct. App., Sept. 17, 2001). Asserting the same claim, Petitioner unsuccessfully moved in the Michigan Supreme Court for leave to appeal. *Stevens v. Department of Corrections*, No. 123071, Order (Mich., May 30, 2003). On May 17, 2004, Petitioner filed the present petition for writ of habeas corpus in which he asserts that he has been improperly deprived of 3,088 days of special good time credits. Accordingly, Petitioner asserts that he is, therefore, entitled to be immediately released from prison.

**STANDARD OF REVIEW**

Stevens' petition, filed May 17, 2004, is subject to the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), as it amended 28 U.S.C. § 2254. The AEDPA amended the substantive standards for granting habeas relief under the following provisions:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The AEDPA has "modified" the role of the federal courts in habeas proceedings to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

Pursuant to § 2254(d)(1), a decision is "contrary to" clearly established federal law when "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *see also, Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

Prior to *Williams*, the Sixth Circuit interpreted the "unreasonable application" clause of § 2254(d)(1) as precluding habeas relief unless the state court's decision was "so clearly incorrect that

it would not be debatable among reasonable jurists." *Gordon v. Kelly*, 2000 WL 145144 at *4 (6th Cir., February 1, 2000); *see also*, *Blanton v. Elo*, 186 F.3d 712, 714-15 (6th Cir. 1999). The *Williams* Court rejected this standard, indicating that it improperly transformed the "unreasonable application" examination into a subjective inquiry turning on whether "at least one of the Nation's jurists has applied the relevant federal law in the same manner" as did the state court. *Williams*, 529 U.S. at 409.

In articulating the proper standard, the Court held that a writ may not issue simply because the reviewing court "concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams,* 529 U.S. at 411. Rather, the Court must also find the state court's application thereof to be *objectively* unreasonable. *Bell*, 535 U.S. at 694; *Williams*, 529 U.S. at 409-12. Accordingly, a state court unreasonably applies clearly established federal law if it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular. . .case" or "if the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Lancaster*, 324 F.3d at 429 (quoting *Williams*, 529 U.S. at 407).

Furthermore, for a writ to issue, the Court must find a violation of Supreme Court authority. The Court cannot look to lower federal court decisions in determining whether the relevant state court decision was contrary to, or involved an unreasonable application of, clearly established Federal law. *See Harris v. Stovall*, 212 F.3d 940, 943-44 (6th Cir. 2000).

Pursuant to 28 U.S.C. § 2254(d)(2), when reviewing whether the decision of the state court was based on an unreasonable determination of the facts in light of the evidence presented, the factual findings of the state court are presumed to be correct. *See Warren v. Smith*, 161 F.3d 358, 360

(6th Cir. 1998) (citing 28 U.S.C. § 2254(e)(1)). Petitioner can rebut this presumption only by clear and convincing evidence. *Id.*

The deferential standard articulated by the AEDPA, however, does not apply if the state has failed altogether to review a particular claim. As the Sixth Circuit has indicated, where the state court clearly did not address the merits of a claim, "there are simply no results, let alone reasoning, to which [the] court can defer." In such circumstances, the court conducts a *de novo* review. *See McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003); *see also Wiggins v. Smith*, 123 S. Ct. 2527, 2542 (2003) (reviewing habeas issue *de novo* where state courts had not reached the question); *Maples v. Stegall*, 340 F.3d 433, 437 (6th Cir. 2003) (recognizing that *Wiggins* established *de novo* standard of review for any claim that was not addressed by the state courts).

## ANALYSIS

As noted above, the parties do not dispute that if Petitioner is awarded no special good time credits, his maximum release date is October 3, 2007. While a warden recommended that Petitioner receive 3,088 days special good time credit, this recommendation was rejected by a deputy director of the MDOC who determined that Petitioner receive zero days special good time credit. Petitioner asserts that the decision to award special good time credits can only be made by the warden. Petitioner concludes, therefore, that the decision to award him zero days special good time credit violates Michigan law and has resulted in him being incarcerated beyond his maximum release date in violation of his constitutional rights.

While incarcerating a prisoner beyond the expiration of his maximum sentence can justify habeas relief, "the actual computation of [a prisoner's] prison term involves a matter of state law that is not cognizable under 28 U.S.C. § 2254." *Kipen v. Renico*, 65 Fed. Appx. 958, 959 (6th Cir., May 14,

2003) (citing *Estelle v. McGuire*, 502 U.S. 62, 68 (1991)).  Thus, Petitioner cannot obtain habeas relief based on a claim that prison officials improperly computed his prison term.  To obtain habeas relief Petitioner must instead demonstrate that he is being incarcerated beyond the expiration of his maximum possible sentence.  Petitioner has made no such showing.  While Petitioner asserts that the decision to award special good time credits rests exclusively with the wardens of each MDOC facility, this argument has been rejected by both state and federal courts.

In *Edmond v. Department of Corrections*, 656 N.W.2d 842 (Mich. Ct. App. 2002), the Michigan Court of Appeals addressed the question of whether the Director of the MDOC or her deputy directors possess the authority to overturn a warden's decision to grant special good time credits to a prisoner.  In that case, a warden determined to award Edmond an unspecified number of special good time credits.  *Id.* at 843.  This determination, however, was rejected by a deputy director of the MDOC.  In response, Edmond brought a petition for writ of habeas corpus asserting that he was entitled to the special good time credits awarded to him by the warden because the deputy director lacked the authority to overturn the warden's determination.

As the *Edmond* court observed, prior to 1986, the relevant statutory provision authorized wardens to award special good time credit only "with the consent and approval of the director of the department of corrections."  *Id.* (quoting Mich. Comp. Laws § 800.33).  In 1986, however, this provision was amended to provide simply that wardens "may grant special good time allowances to eligible prisoners."  The plaintiff in *Edmond* asserted, just as Petitioner asserts, that the impact of the 1986 amendment was to give exclusively to wardens the decision whether to award special good time credits.

The *Edmond* court, however, rejected this argument.  Specifically, the court noted that "[w]hile M.C.L. § 800.33, considered alone, might thus support plaintiff's argument, under the rule of

in pari material this statute must be read together with other statutes relating to the same subject or with the same purpose, i.e., those relating to the powers of the various deputy directors." *Id.* In this respect, the court observed that other provisions of Michigan law provide that the director and deputy directors of the MDOC "have full power and authority to supervise and control the affairs of the department." *Id.* at 843-44 (quoting Mich. Comp. Laws §§ 791.203, 791.205). The court determined that "'full power and authority' would naturally include decisions regarding what is arguably among the most important 'affairs of the department,' discretionary decisions regarding the length of time that prisoners must serve." *Id.* at 844. Accordingly, the court concluded that

> In the absence of statutory language that explicitly limits the full power and authority granted by M.C.L. § 791.203, we will not read a limitation into the statute. To state this another way, full power and authority having been granted by M.C.L. § 791.203 as a general matter, the failure of M.C.L. § 800.33(12) to grant that authority specifically with respect to good time credits in nonconsequential.

*Id.*

The *Edmond* court rejected, therefore, Petitioner's argument that the 1986 amendment to Mich. Comp. Laws § 800.33 gave to wardens the exclusive authority to determine whether prisoners are awarded special good time credits. As the court concluded, this particular amendment notwithstanding, under Michigan law the director and deputy directors of the MDOC possess the authority to make the final decision regarding whether to award special good time credits. The controlling nature of this decision has been recognized by federal courts.

In *Wollett v. Curtis*, 2006 WL 475294 (E.D. Mich., Feb. 28, 2006), the court addressed the precise claim presented herein. Wollett asserted that a warden had determined to award him 4,633 days of special good time credit, a determination which was ultimately rejected by a deputy director of the MDOC. *Id.* at *3. Wollett initiated in the United States District Court for the Eastern District of

Michigan a petition for writ of habeas corpus in which he claimed that he was entitled to 4,633 days of special good time credits because the deputy director lacked the authority under Michigan law to overturn the warden's decision to award such credits. *Id.* at *1-3.

Relying on the decision by the Michigan Court of Appeals in *Edmond v. Department of Corrections*, discussed immediately above, the court rejected Wollett's claim. *Id.* at *5. As the *Wollett* court recognized, "[t]he interpretation of state statutes and legislative intent by state appellate courts is a matter of state law which is not reviewable in habeas corpus." *Id.* (quoting *Hack v. Elo*, 38 Fed. Appx. 189, 194 (6th Cir., Feb. 5, 2002)).

While the Court is sympathetic to the frustration which Petitioner must certainly be experiencing, Petitioner has not demonstrated that he is entitled to habeas relief. Petitioner has not demonstrated that he is being incarcerated beyond the expiration of his maximum possible sentence. While Petitioner asserts that he is, in fact, being held beyond the expiration of his maximum possible sentence, his argument is premised on an interpretation of Michigan law which has been rejected by the Michigan courts. As previously noted, this Court lacks the authority to grant habeas relief based on an alleged violation or misinterpretation of state law.

## CONCLUSION

For the reasons articulated herein, the undersigned concludes that Petitioner is not being confined in violation of the laws, Constitution, or treaties of the United States. Accordingly, the undersigned recommends that Stevens' petition for writ of habeas corpus be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                        Respectfully submitted,

Date: May 24, 2007                                          /s/ Ellen S. Carmody
                                                             ELLEN S. CARMODY
                                                             United States Magistrate Judge