UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE LEE STEVENS,                                    Case No. 4:04-CV-71

      Petitioner,                                     Hon. Richard Alan Enslen

v.

MICHIGAN DEPARTMENT
OF CORRECTIONS,
                                                **OPINION**

      Respondent.                /

      This motion is before the Court on Petitioner Wayne Lee Stevens' Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of May 5, 2007 ("Report") which recommended dismissing Petitioner's petition for writ of habeas corpus. This Court now reviews the Report, the Objections, and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1).

      Petitioner was convicted of second degree murder in 1980 and was sentenced to serve 15 to 40 years in prison. In 1986, Petitioner escaped from prison and was sentenced to nine months to five years in prison to be served consecutive to his first sentence. On February 18, 1999, the warden of the facility at which Petitioner was being held determined Petitioner should be awarded 3,088 days of special good time credits (SGT). Subsequent to this decision, Department of Corrections Deputy Director Bolden vetoed the determination and awarded Petitioner with zero days of SGT credits. Petitioner subsequently filed a petition for writ of habeas corpus in Ionia County Circuit Court on the basis that he was deprived of 3,088 days of SGT credits. This petition was denied. (*See Stevens v. Price*, No. 01-M-21223-AH, Order (Ionia Cnty. Cir. Ct. May 11, 2001)). Petitioner then appealed to the Michigan Court of Appeals which also denied his claim. (*Stevens v. Dep't of Corr.*, No.

234572, Order (Mich. Ct. App. Sept. 17, 2001)).  Finally, Petitioner moved the Michigan Supreme Court for leave to appeal which was also denied.  (*Stevens v. Dep't of Corr.*, No. 123071, Order (Mich., May 30, 2003)).  On May 17, 2004, Petitioner filed this claim pursuant to 28 U.S.C. § 2254 in which he asserts he was improperly denied 3,088 days of SGT credits and is entitled to immediate release from prison.

Petitioner raises three objections to the Report: (1) the Magistrate Judge misconstrued the warden's decision to award Special Good Time Credit as a "recommendation" rather than a "final decision"; (2) Petitioner argues his case is distinguishable from controlling legal precedent; and (3) the Magistrate Judge erred by failing to address underlying facts of his claims.

Petitioner contends the Magistrate Judge misconstrued the critical facts of his case by interpreting the warden's computation of SGT credits as a "recommendation" rather than an "award" pursuant to Michigan Comp. Law § 800.33(12).  This objection and Petitioner's second objection, that his case is distinguishable from controlling case law, both are without merit.  The Magistrate Judge did not err in terming the warden's decision regarding the award of SGT credits a "recommendation" rather than an "award" because regardless of the word used, the warden's decision was subject to the deputy director's veto.  Pursuant to both state and federal case law, the decision to award SGT credits does not rest exclusively with the warden; rather, under Michigan law, the director and deputy directors of the Michigan Department of Corrections possess the authority to make the final decision.  *See Edmond v. Dep't of Corr.*, 656 N.W.2d 842, 844 (Mich. Ct. App. 2002) (holding 1986 amendment to Mich. Comp. Law § 800.33 did not give warden's exclusive authority to award SGT credits); *Wollett v. Curtis*, 2006 WL 475294, at *5 (E.D. Mich. Feb. 28, 2006) (rejecting a petitioner's argument that a deputy director lacks authority to overturn warden's

decision to award SGT credits, stating "interpretation of state statutes . . . is a matter of state law which is not reviewable in habeas corpus.") Thus, the warden's decision or recommendation to award him SGT credits was never final because it was subject to such a review.  Petitioner's claim has not set forth a cognizable claim for relief under § 2254 because he has failed to show he is being incarcerated beyond the expiration of his maximum possible sentence claim.  Despite Petitioner's argument to the contrary, his claim is indistinguishable from *Wollett*.  Accordingly, both of Petitioner's objections are denied.

Petitioner's final objection concerns his belief the Magistrate erred by not specifically addressing certain facts alleged in his petition.  After review the Court finds no err in the Report as it succinctly addressed the pertinent facts of Petitioner's claim, and correctly states he is not entitled to habeas relief based on an alleged violation or misinterpretation of state law.  *See Wollett*, 2006 WL 475294 at *5.  Therefore, this objection is denied.

Pursuant to 28 U.S.C. § 2253, the Court must also assess whether to grant the issuance of a certificate of appealability to Petitioner.  *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (holding that § 2253 analysis may be done at the time the claim for relief is determined). Under the statute and the United States Supreme Court's determinations in *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000) and *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983), a certificate shall issue if the resolution of the petition is debatable among reasonable jurists or adequate to deserve encouragement for some other reason.  Furthermore, the analysis of the sufficiency of the claims must be individually directed to the substance of the constitutional claims asserted.  *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 486 (6th Cir. 2001).

Upon review, this Court finds that reasonable jurists would not find Petitioner's positions debatable with respect to the substantive grounds for denying relief as to all issues asserted. Accordingly, a certificate of appealability will be denied.

Therefore, for the reasons stated in the Report and this Opinion, the Court will deny Petitioner's Objections, adopt the Report and Recommendation, and deny Petitioner's Petition for Writ of Habeas Corpus. Furthermore, the Court denies a certificate of appealability.

A Final Order consistent with this Opinion shall issue.

DATED in Kalamazoo, MI:       /s/ Richard Alan Enslen
July 16, 2007                 RICHARD ALAN ENSLEN
                                SENIOR UNITED STATES DISTRICT JUDGE